UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHAUN WALTON,

    Plaintiff,

    v.

ADRIANNE GORDON, et al.,

    Defendants.

CAUSE NO. 3:19-CV-1157-JD-MGG

OPINION AND ORDER

Shawn Walton, a prisoner without a lawyer, filed a complaint alleging that, while confined at the Indiana State Prison: (1) Adrianne Gordon and Jordan Hufford used excessive force against him; (2) Christopher West, Azari Tatum, Derek Moore, and Ryan Tinsley failed to intervene; and (3) he was denied medical care for his injuries following the use of excessive force. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On October 30, 2018, Walton was at outside recreation with his radio and headphones. Sgt. Adrianne Gordon and Correctional Officer Jordan Hufford told him that he could not have his radio and headphones outside. They told him to give the

radio and headphones to them. Walton believed that the prison's rules allowed him to take his radio and headphones to recreation. Instead of complying, he asked to speak to a lieutenant. His request was denied, and Sgt. Gordon began calling Walton names. While offensive, mere verbal harassment does not state a claim. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, No. 17-3543, 2020 WL 240447 (7th Cir., Jan. 7, 2020) (rude language or verbal harassment by prison staff "while unprofessional and deplorable, does not violate the Constitution.").

Walton tried to refuse recreation and asked Correctional Officer Azuri Tatum to take him back inside. This request was also denied. Instead, Sgt. Gordon grabbed his radio and headphones and broke them. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." But, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (Indiana Code § 341331 *et seq.*) and other laws provide for state judicial review of property losses caused by government employees and provides an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more

2

process was due."). Thus, Walton cannot state a claim for the damage caused to his radio and headphones.

After the radio and headphones were broken, Walton asked Correctional Officer Christopher West and Officer Tatum why they were just sitting there, but they laughed and did nothing. State actors who can realistically prevent a fellow state actor from violating a plaintiff's constitutional rights may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir.2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)). But, to the extent that the intentional destruction of Walton's radio and headphones violated the Constitution, it is not clear that either Officer West or Officer Tatum had a reasonable opportunity to intervene.

Then, Sgt. Gordon slapped Walton across the face. Sgt. Gordon and Officer Hufford took Walton to the ground and placed him in handcuffs. They pulled his hair and smashed his head to the ground and punched him repeatedly in the face with a closed fist. Walton alleges that he did not resist during this assault. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Here, while the evidence may ultimately demonstrate that the use of force was justified, giving Walton the inferences to which he

is entitled at this stage of the case, he has stated a claim against Sgt. Gordon and Officer Hufford.[1]

According to Walton, Correctional Officer Derek Moore and Ryan Tinsley arrived and were watching and laughing along with Officer Tatum and Officer West. State actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's rights through the use of excessive force but fail to do so" may be held liable. *Miller*, 220 F.3d at 495. Here, it can be plausibly inferred that Sgt. Gordon and Officer Hufford's alleged actions lasted sufficiently long for the officers that were watching and laughing to intervene. Therefore, Walton will be permitted to proceed against Officer Moore, Ryan Tinsley, Officer Tatum, and Officer West.

Following the assault, Walton had small scratches on his face that were bleeding and a headache. He was escorted to the medical department by Sgt. Gordon, Officer Hufford, Officer West, Officer Tatum, Officer Moore, and Officer Tinsley. Walton tried to tell the nurse about his injuries, but he was interrupted and led out of the medical

---

[1] Walton notes in his complaint that he faced criminal charges based on this incident. He was charged in LaPorte Superior Court with two counts of battery against a public safety officer as a result of this incident. *See State v. Walton*, 46D02-112-F6-1347 (information dated Dec. 26, 2018). He was found guilty of one count. An appeal is pending. It is unclear precisely what Walton allegedly did that warranted criminal charges.
> In *Heck*, this Court held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.

*Edwards v. Balisok*, 520 U.S. 641, 643 (1997). (citation and quotation marks omitted). Without more details regarding the charges, the court cannot determine if a finding in Walton's favor on his claims here would inherently undermine the validity of his criminal conviction. If so, then it will be futile for him to pursue his claims now. However, for purposes of screening, the court assumes that Walton's claims are not barred by *Heck*.

department by the defendants. Prisoners are entitled to medical treatment consistent with the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Walton has not described any medical need that a lay person would easily recognize as needing a doctor's attention. Furthermore, he has alleged that each of the defendants denied him medical care without explaining what role each defendant played in the alleged denial, other than leading him to the medical department and then away again. There are no facts alleged here suggesting that any defendant was deliberately indifferent to a serious medical need.

For these reasons, the court:

(1) GRANTS Shawn Walton leave to proceed against Adrianne Gordon and Jordan Hufford in their individual capacity for nominal, compensatory, and punitive damages, for using excessive force against Shawn Walton on October 30, 2018, in violation of the Eighth Amendment;

(2) GRANTS Shawn Walton leave to proceed against Christopher West, Azari Tatum, Derek Moore, and Ryan Tinsley in their individual capacity for nominal,

compensatory, and punitive damages, for failing to intervene in the excessive force against Shawn Walton on October 30, 2018, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Adrianne Gordon, Jordan Hufford, Christopher West, Azari Tatum, Derek Moore, and Ryan Tinsley at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant if he does not waive service and it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Adrianne Gordon, Jordan Hufford, Christopher West, Azari Tatum, Derek Moore, and Ryan Tinsley respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on March 23, 2020

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT