UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHAUN WALTON,

    Plaintiff,

    v.    CAUSE NO. 3:19-CV-1157-JD-MGG

ADRIANNE GORDON, et al.,

    Defendants.

OPINION AND ORDER

Shawn Walton, a prisoner without a lawyer, filed an amended complaint alleging that, while confined at the Indiana State Prison, Sergeant Adrianne Gordon and Correctional Officers Jordan Hufford used excessive force against him, and Correctional Officers Christopher West, Azari Tatum, Derek Moore, and Ryan Tinsley failed to intervene to stop that use of excessive force. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On October 30, 2018, Walton took his radio and headphones with him to outside recreation. When he arrived at the recreation cage, Sgt. Adrianne Gordon physically pushed him into the cage. Sgt. Gordon and Officers Hufford approached Walton to pat

him down. Sgt. Gordon told Walton to turn around, and he refused because he felt threatened by her. Officer Hufford indicated that he would perform the pat-down search, so Walton complied, and the pat-down search was conducted. But Sgt. Gordon began calling Walton names.[1] Walton stated to Sgt. Gordon that "you're trying to provoke me to act foolishly." ECF 32 at 3-4. After those words were spoken, Sgt. Gordon demanded that Walton give her his radio and headphones, claiming that he cannot bring them to recreation. Walton refused to give them to her and asked to speak to a lieutenant, because he believed he was permitted to have them. Sgt. Gordon refused to let him speak to a lieutenant and ordered Officer Hufford to take them. When Officer Hufford was removing the headphones from Walton's head, they snapped. Officer Hufford then intentionally broke the headphones.[2] He asked Officers Tinsley, Moore, West and Tatum why they were sitting there and allowing this to happen. They laughed and ignored Walton. To the extent that Walton is alleging that Officers Tinsley, Moore, West and Tatum should have intervened, he cannot state a

---

[1] As the Court has already explained to Walton, mere verbal harassment does not state a claim. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, No. 17-3543, 2020 WL 240447 (7th Cir., Jan. 7, 2020) (rude language or verbal harassment by prison staff "while unprofessional and deplorable, does not violate the Constitution.").

[2] As explained previously, to the extent that Walton is asserting a claim based on his property being damaged, he cannot proceed. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." But, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (Indiana Code § 34-13-3-1  *et seq.*) and other laws provide for state judicial review of property losses caused by government employees and provides an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due.").

claim. State actors who can realistically prevent a fellow state actor from violating a plaintiff's constitutional rights may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir.2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)). Neither Sgt. Gordon nor Officer Hufford had violated any constitutional right. And, even if they did, it is not clear that there was a reasonable opportunity to intervene.

Next, Sgt. Gordon punched Walton in the face with a closed fist and ordered Officer Hufford to help her take Walton down. While on the ground with his hands handcuffed behind his back, Sgt. Gordon continued punching Walton, pulled his hair, and smashed his face into the ground. Officer Hufford twisted his arm until Walton thought it would break. Walton alleges that he did not initially resist, but at some point during the attack, he began to resist somewhat. At that point, Officers Derek Moore and Ryan Tinsley entered the recreation cage to assist Sgt. Gordon and Officer Hufford.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Here, while the evidence may ultimately demonstrate that the use of force was justified, giving Walton the inferences to which he is entitled at this stage of the case, he has stated a claim against Sgt. Gordon

and Officer Hufford.[3] But these allegations do not state a claim of excessive force against Officers Derek Moore or Ryan Tinsley, because Walton does not allege that either of these officers used excessive force against him. However, it can be plausibly inferred that Sgt. Gordon and Officer Hufford's alleged actions lasted sufficiently long for the officers that were watching and laughing to intervene. Therefore, Walton will be permitted to proceed against Officers Derek Moore, Ryan Tinsley, Azari Tatum, and Christopher West.

Following the assault, Walton had small scratches on his face that were bleeding and a headache. He was escorted to the medical department by Officers Moore and Tinsley. Walton tried to tell the nurse about his injuries, but he was interrupted and led out of the medical department. It is not clear that Walton intended to assert a claim based on denial of medical care in his amended complaint, but to the extent that he did, he cannot proceed for the reasons set forth in this court's order (ECF 5) screening his original complaint; Walton has not described any medical need that a lay person would

---

[3] Walton notes in his complaint that he faced criminal charges based on this incident. He was charged in LaPorte Superior Court with two counts of battery against a public safety officer as a result of this incident. *See State v. Walton*, 46D02-112-F6-1347 (information dated Dec. 26, 2018). He was found guilty of one count. An appeal is pending.
> In *Heck*, this Court held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.

*Edwards v. Balisok*, 520 U.S. 641, 643 (1997). (citation and quotation marks omitted). Without more details regarding the charges, the court cannot determine if a finding in Walton's favor on his claims here would inherently undermine the validity of his criminal conviction. If so, then it will be futile for him to pursue his claims now. However, for purposes of screening, the court assumes that Walton's claims are not barred by *Heck*.

easily recognize as needing a doctor's attention, and he has not explained what role each defendant played in the alleged denial.

For these reasons, the court:

(1) GRANTS Shawn Walton leave to proceed against Sgt. Adrianne Gordon and Correctional Officers Jordan Hufford in their individual capacity for nominal, compensatory, and punitive damages, for using excessive force against Shawn Walton on October 30, 2018, in violation of the Eighth Amendment;

(2) GRANTS Shawn Walton leave to proceed against Correctional Officers Christopher West, Azari Tatum, Derek Moore, and Ryan Tinsley in their individual capacity for nominal, compensatory, and punitive damages, for failing to intervene in the excessive force against Shawn Walton on October 30, 2018, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Correctional Officers Azari Tatum and Ryan Tinsley at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 32), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant that does not waive service, if they have such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Sgt. Adrianne Gordon, Correctional Officers Jordan Hufford, Christopher West, Azari Tatum, Derek Moore, and Ryan Tinsley respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 28, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT