UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SHAUN WALTON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CV-1157-JD |
| ADRIANNE GORDON, et al., | |
| Defendants. | |

OPINION AND ORDER

Shaun Walton, a prisoner without a lawyer, is proceeding in this case on two claims. ECF 36. First, he is proceeding "against Sgt. Adrianne Gordon and Correctional Officers Jordan Hufford in their individual capacity for nominal, compensatory, and punitive damages, for using excessive force against [Walton] on October 30, 2018, in violation of the Eighth Amendment[.]" *Id.* at 5. Second, he is proceeding "against Correctional Officers Christopher West, Azari Tatum, Derek Moore, and Ryan Tinsley in their individual capacity for nominal, compensatory, and punitive damages, for failing to intervene in the excessive force against [Walton] on October 30, 2018, in violation of the Eighth Amendment[.]" *Id.* On September 17, 2021, the defendants filed a motion for summary judgment, arguing Walton's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). ECF 61. With the motion, the defendants provided Walton the notice required by N.D. Ind. L.R. 56-1(f). ECF 63. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b)(1), "[a] party opposing [a summary judgment] motion must, within 28 days after the movant serves the motion, file and serve (A) a response brief; and (B) any materials that the party contends raise a genuine dispute." After this deadline passed, the court extended the deadline for Walton to file a response until November 19, 2021. ECF 68. This deadline passed over four months ago, but Walton has not responded. Therefore the court will now rule on the defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

The defendants argue Walton's claims are *Heck*-barred because a positive ruling on his claims would necessarily imply the invalidity of his criminal conviction for battery against Sgt. Gordon. ECF 62 at 2; *see State v. Walton*, 46DO2-1812-F6-1347. The

2

*Heck* rule is intended to prevent collateral attack on a criminal conviction through the vehicle of a civil suit. *Heck*, 512 U.S. at 484. To this end, *Heck* bars a plaintiff from maintaining a § 1983 action in situations where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" *Id.* at 487. Conversely, if the civil action, even if successful, "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." *Id.*

The Seventh Circuit has held that a plaintiff who has been convicted of assaulting a police officer is not *per se Heck*-barred from maintaining a § 1983 action for excessive force stemming from the same confrontation. *VanGilder v. Baker*, 435 F.3d 689, 692 (7th Cir. 2006). Instead, it must be determined whether Walton's amended complaint contains "factual allegations that 'necessarily imply' the invalidity of his" battery conviction. *McCann v. Neilsen*, 466 F.3d 619, 622 (7th Cir. 2006).

In his amended complaint, Walton alleged the following: On October 30, 2018, Walton entered the recreation cage with his headphones on his head. ECF 32 at 3. As Walton entered the recreation cage, Sgt. Gordon pushed Walton into the cage and asked him to turn around to be searched. *Id.* Walton refused to be searched by Sgt. Gordon but agreed to allow Officer Hufford to search him. *Id.* Officer Hufford, acting at Sgt. Gordon's direction, pat Walton down and took his headphones off his head, breaking them in the process. *Id.* at 4. Walton asked Officers Tinsley, Moore, West, and Tatum, who were present on the scene, why they did not intervene. *Id.* Sgt. Gordon then punched Walton in the face. *Id.* Sgt. Gordon and Officer Hufford took Walton to the

3

ground and handcuffed him, and Sgt. Gordon began punching Walton, pulling his hair, and smashing his face into the ground while Officer Hufford twisted Walton's arm until he thought it was going to break. *Id.* Walton began to "resist somewhat," and at that point Officers Moore and Tinsley intervened and drug Walton to medical. *Id.* at 4-5.

The defendants argue the allegations in Walton's amended complaint necessarily imply the invalidity of his battery conviction for two reasons. ECF 62 at 5. Specifically, the defendants argue the criminal court found Walton guilty of battery because he lunged at Sgt. Gordon and pushed her to the ground after his items were confiscated, which differs from the allegations in Walton's amended complaint because (1) the criminal court's findings fail to support Walton's claim he was punched at any point during the incident, and (2) Walton's amended complaint omits the facts that he lunged at Sgt. Gordon and pushed her to the ground. However, Walton concedes in his amended complaint he resisted Sgt. Gordon after his headphones were confiscated, which is consistent with the findings of the criminal court that he lunged at Sgt. Gordon and pushed her to the ground. Walton's amended complaint may leave out certain facts, but it does not contain any facts which necessarily imply the invalidity of his conviction for battery against Sgt. Gordon. *See McCann*, 466 F.3d at 622-623 (holding that a claim was not *Heck*-barred where the plaintiff did not deny his assaultive and obstructive conduct but alleged that the deputy's use of force in response was not reasonable); *Gilbert v. Cook*, 512 F.3d 899, 902 (7th Cir. 2008) (An argument that prison guards "violated my rights by injuring me, whether or not I struck first" does not necessarily imply the invalidity of an assault conviction). Thus, because a judgment in

4

favor of Walton on his Eighth Amendment claims would not necessarily imply the invalidity of his battery conviction, his claims are not *Heck*-barred.

For these reasons, the court DENIES the defendants' motion for summary judgment (ECF 61).

SO ORDERED on April 13, 2022

/s/ JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT