UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SHAUN WALTON,<br><br>Plaintiff,<br><br>v.<br><br>ADRIANNE GORDON, et al.,<br><br>Defendants. | CAUSE NO. 3:19-CV-1157-JD-MGG |

OPINION AND ORDER

Shaun Walton, a prisoner without a lawyer, is proceeding in this case on two Eighth Amendment claims. First, he is proceeding "against Sgt. Adrianne Gordon and Correctional Officers Jordan Hufford in their individual capacity for nominal, compensatory, and punitive damages, for using excessive force against [Walton] on October 30, 2018[.]" ECF 36 at 5. Second, he is proceeding "against Correctional Officers Christopher West, Azari Tatum, Derek Moore, and Ryan Tinsley in their individual capacity for nominal, compensatory, and punitive damages, for failing to intervene in the excessive force against [Walton] on October 30, 2018[.]" *Id.* Officer Tatum filed a motion for summary judgment, arguing Walton did not exhaust his administrative remedies prior to filing this lawsuit. ECF 100.[1] Walton filed a response. ECF 105. Officer

---

[1] The remaining defendants have not moved for summary judgment.

Tatum did not timely file a reply.[2] The court will now rule on Officer Tatum's summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the

---

[2] On December 14, 2022, counsel for Officer Tatum filed a motion for leave to file a belated reply, asserting he did not timely prepare a reply because he was busy preparing for trial in another case. ECF 106. This does not show good cause or excusable neglect for a belated request for a time extension. *See* Fed. R. Civ. P. 6(b)(1)(B). Moreover, the court has reviewed the contents of the reply brief, and concludes it does not impact the disposition of this case. Therefore, the motion for leave to file a belated reply (ECF 106) is DENIED.

claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). However, a prisoner can be excused from exhausting if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). When prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered available. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Accordingly, "a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

Officer Tatum argues Walton did not exhaust his administrative remedies related to the October 20, 2018, use of force because he waited until December 20, 2018, to submit any grievances and the grievance office properly rejected these grievances as untimely. ECF 101 at 5-6. Walton responds that his administrative remedies were unavailable because he was prevented from timely submitting any grievances and the grievance office improperly rejected his December 20 grievances as untimely without addressing the good cause he showed for a time limit extension. ECF 105-1 at 8.

3

The parties provide evidence showing the following: On November 8, 2018, Walton mailed a grievance about Sgt. Gordon to the law library and requested that the library make a copy of the grievance and send the original to the grievance office. ECF 105-1 at 8, 11. On November 14, 2018, the law library notified Walton that it had received his request but had not received any attached grievance form to be copied. *Id.*[3] Walton's November 8 grievance never made it to the grievance office. ECF 100-1 at 6. On December 20, 2018, Walton submitted two additional grievances directly to the grievance office. *Id.*; ECF 100-4; ECF 100-6. In the first grievance, Walton complained that Sgt. Gordon and Officer Hufford used excessive force against him on October 30, 2018. ECF 100-4. In the second grievance, Walton explained that he had previously submitted a grievance about Sgt. Gordon to the law library in November 2018, but Sgt. Gordon had intercepted and removed the grievance. ECF 100-6. On December 28, 2018, Walton submitted a third grievance requesting that the video from the October 30 incident be preserved, as it would show that several correctional officers, including Officer Tatum, were present during the incident. ECF 100-10. On January 9, 2019, the grievance office rejected both of Walton's December 20 grievances on the grounds that (1) they were not timely filed and (2) Investigations and Intelligence ("I.I.") had been notified of his complaints. ECF 100-5; ECF 100-7. The grievance office also rejected Walton's December 28 grievance as untimely. ECF 100-11. Because neither party disputes these facts, the court accepts them as undisputed.

---

[3] Walton believes his November 8 grievance form was "taken and/or intercepted" by Sgt. Gordon, but admits he cannot prove that fact. ECF 105-1 at 8.

4

Officer Tatum argues the grievance office properly rejected Walton's December 20 grievances as untimely because he did not comply with the Offender Grievance Process' requirements to request a time limit extension. ECF 101 at 5. Walton responds he properly requested a time limit extension for his December 20 grievances because he explained to the Grievance Specialist that he had previously attempted to submit a grievance to the law library in November 2018, but the grievance had been intercepted and removed by Sgt. Gordon. ECF 105-1 at 8.

The Offender Grievance Process allows for an offender to request a time limit extension to submit a late grievance if certain requirements are met. ECF 100-2 at 13. Specifically, the Grievance Process provides:

> XIV. <u>TIME LIMIT EXTENSIONS:</u>
>
> A. For an offender:
>
> An offender who does not follow the established time limits in this procedure may have his/her grievance or appeal denied for failure to comply to the time frames unless he or she is able to show good cause. If there are extenuating circumstances which caused the offender a delay in submitting the grievance form within the time frames, the offender must document and submit the reason for the delay on a separate piece of paper with signature and date, and include with the appropriate appeal form or make a request for the specific form to the Offender Grievance Specialist for review. The Warden/designee shall approve or deny such offender delay requests.

*Id.* The Grievance Specialist has the discretion to consider an untimely grievance if the offender shows good cause. *Id.* at 10.

Here, construing the facts in the light most favorable to Walton, it appears he complied with the Offender Grievance Process' requirements to request a time limit

5

extension. Specifically, Walton submitted two grievances on December 20, 2018, both of which were received by the grievance office on the same date. In the second grievance, Walton explained that he was delayed in submitting his grievance because he previously had submitted a grievance in November 2018, but Sgt. Gordon had intercepted and removed the grievance before it reached the law library. By submitting a signed and dated second grievance that explained the reason for the delay, Walton complied with the Offender Grievance Process' requirement to "document and submit the reason for the delay on a separate piece of paper with signature and date[.]" But the Grievance Specialist did not address Walton's documented reason for the delay in submitting his grievance, and instead only rejected the grievance as untimely and because "I.I. Notified." Thus, the undisputed facts show the grievance office made Walton's administrative remedies unavailable by rejecting his December 20 grievance as untimely without addressing his documented reason for the delay. Accordingly, Officer Tatum has not met his burden to show Walton did not exhaust his available administrative remedies prior to filing this lawsuit.

For these reasons, the court DENIES Officer Tatum's motion for summary judgment (ECF 100).

SO ORDERED on January 4, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

6